IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARTH CONSERVANCY, | : | |
| | : | 1:09-cv-2295 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| BLUE COAL CORPORATION, and | : | |
| GLEN NAN, INC., | : | |
| Defendants. | : | |

## MEMORANDUM

### April 13, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc.15), filed on March 17, 2010 which recommends that we transfer this action to the Bankruptcy Court. Plaintiff Earth Conservancy ("Plaintiff") filed objections to the R&R on March 31, 2010. (Docs. 16, 17). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R and transfer this matter to the Bankruptcy Court.

I. PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff commenced this action by filing a complaint for a declaratory judgment on November 23, 2009. (Doc. 1). Within the Complaint, Plaintiff alleges that the Defendants were at one time engaged in the business of anthracite coal production and the sale of surface properties. The Defendants were also involved in extensive bankruptcy proceedings in the United States Bankruptcy Court for the Middle District of Pennsylvania, and the bankruptcy actions of both Defendants were consolidated.

In 1993, the Plaintiff negotiated an Agreement of Sale with the trustee of the Defendants' bankruptcy estates to purchase all of the assets of the Defendants other than those specifically identified and expressly excluded in the Agreement of Sale. The Agreement of Sale provided that, prior to being discharged as the trustee in the bankruptcy cases, the trustee was to request that the Bankruptcy Court enter an order appointing a representative on behalf of the Defendants with the power to execute such additional deeds or bills of sale as may be required to legally transfer and convey to the Plaintiff any asset of the Defendants discovered following the execution of the Agreement of Sale. The Bankruptcy Court approved the sale of the Defendants' assets to Plaintiff, and thereafter, in

accordance with the Agreement of Sale, the Plaintiff purchased Defendants' assets.

On July 12, 2000, the Bankruptcy Court entered an Order that closed the Defendants' bankruptcy cases and an Order discharging the trustee from the cases. However, the trustee failed to request that the Bankruptcy Court enter an Order appointing a representative on behalf of the Defendants to execute additional deeds or bills of sale as may be required to legally transfer and convey to the Plaintiff after-discovered assets of the Defendants.

In 2008, William W. Thomas sent correspondence to the Bankruptcy Court seeking to purchase certain oil, gas and mineral rights purportedly owned by the Defendants. The bankruptcy trustee's former counsel sent correspondence to Mr. Thomas explaining the terms of the sale of the Defendants' assets to the Plaintiff. Mr. Thomas thereafter requested a meeting with the Bankruptcy Court and Bankruptcy Judge John J. Thomas held a status conference on March 4, 2009. At the status conference, Judge Thomas stated that he would consider Mr. Thomas' request if a motion reopen the bankruptcy cases was made, however, no such motion was made and the bankruptcies remained closed.

Plaintiff claims that the pursuant to the Agreement of Sale, it is the sole and absolute owner of the oil, gas and mineral rights sought to be purchased by Mr.

Thomas as well as, *inter alia*, any other assets that are owned by the Plaintiff by virtue of the Sale Order but that were not specifically identified in the Agreement of Sale. (collectively referred to as the "Non-Exhibit Assets").

The Plaintiff is seeking an order declaring that it is the sole and absolute owner of the oil, gas and mineral rights sought to be purchased by Mr. Thomas as well as the Non-Exhibit Assets. The Plaintiff also seeks an order accomplishing what the trustee previously failed to do, i.e. appointing, pursuant to the Agreement of Sale, a representative of the Defendants with the ability to transfer the title, rights and interests the Defendants may have in the oil, gas and mineral rights and the Non-Exhibit Assets to the Plaintiff.

By Order dated December 29, 2009, Magistrate Judge Smyser granted the Plaintiff's Motion for an Order for Service by Publication, ordered that the Defendants appear and plead to the Complaint by January 29, 2010, or suffer the entry of a default judgment. The Defendants failed to answer the Complaint or otherwise defend. By Order dated February 1, 2010, the Clerk of Court entered the default of the Defendants. On February 25, 2010, the Plaintiff filed a motion for default judgment and brief in support thereof.

## II. STANDARD OF REVIE

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

Within the R&R, Magistrate Judge Smyser recommends that in lieu of entering judgment, this matter should appropriately be transferred to the Bankruptcy Court. In rendering this recommendation, the Magistrate Judge reviewed the subject matter jurisdiction of this Court over this action, and concluded that this Court did not have such jurisdiction over the action pursuant to 28 U.S.C. § 1331. Magistrate Judge Smyser concluded that the only plausible basis for subject matter jurisdiction in this case was pursuant to 28 U.S.C. § 1334(b),

5

which provides that the district courts shall have "original but not exclusive jurisdiction" of all civil proceedings that arise under Title 11 of the Bankruptcy Code, or related to cases under Title 11.

Accordingly, Magistrate Judge Smyser recommended transfer of this case to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a), which provides that "[e]ach district court may provide that any or all cases under Title 11 or any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred tot he bankruptcy judges for the district." Magistrate Judge Smyser further notes that by Standing Order 84-0203, this Court has provided that "any and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to case under Title 11 are and shall be referred to the Bankruptcy Judges for this district."

Plaintiff objects to the Magistrate Judge's recommendation that this case be transferred to the Bankruptcy Court, arguing that Magistrate Judge Smyser erred when concluding that this Court does not have jurisdiction over this matter under 28 U.S.C. § 1331. Plaintiff argues that because its requested relief is based on the application and interpretation of various orders issued by the Bankruptcy Court, then this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

We disagree with Plaintiff's argument. 28 U.S.C. § 1331 provides: "[t]he district courts shall have original jurisdiction of all civil proceedings arising under the Constitution, laws or treaties of the United States." Quite simply put, the declaratory judgment action that Plaintiff has brought does not fall under the ambit of 28 U.S.C. § 1331. We will appropriately follow the aforesaid Standing Order in the firm belief that the able Bankruptcy Judges in this judicial district are in a far better position to adjudicate this dispute.

Accordingly, we shall overrule the Plaintiff's objections and adopt the Magistrate Judge's R&R. This matter shall be transferred to the Bankruptcy Court. An appropriate Order shall issue.